By the Court—Woodruff, J.
The complaint herein alleges .that the defendants, Birch, L. B. Nutting and Wm. G. Nutting, under the name of John S. Birch & Company, on the 26th April, 1857, induced the plaintiffs, by false and fraudulent representations, to sell and deliver to them six bales of silk. That the fraudulent purchasers “ put the said silk in the hands of the defendant Thorp, acting as the agent of the defendant Tilt, but that Thorp and Tilt received the same, knowing that it had been *305 obtained under the circumstances above mentioned, and without paying any cons'ideration therefor.”
That Thorp and Tilt have transferred four bales to the defendant Newman, “ who was also cognizant of the facts above stated, and paid no consideration for the said goods.”
The complaint alleges demand and refusal to deliver, and prays judgment that the defendants deliver to the plaintiffs all of the said silk in their possession, and pay to the plaintiffs the price of all the goods not so returned, together with damages, &c.
The defendants all, in some form, deny the fraud in the purchase. The answers of the defendants, Tilt, Thorp and Newman, so far as is material to the exceptions to be considered, allege that Tilt made an advance on the silk consigned to him by Birch & Company, for sale, the repayment to be made out of the proceeds of sale. That neither he nor Thorp had any knowledge that the silk had been obtained under the circumstances alleged in the complaint, or under any circumstances of fraud or false or fraudulent representations whatever; and they deny that they were received without any consideration therefor. And Thorp avers “ that the said goods were received by him as the agent of said Tilt, in good faith, and as a fair business transaction.”
Newman on his part denies that he received the silk from Thorp and Tilt, with knowledge of any fraud or without paying any consideration therefor.
There are other denials in the answers, but the questions to be considered arise out of the issues above stated.
The jury found a verdict on the trial, against the defendants John S. Birch & Company; and it is therefore to be regarded as established, that those defendants procured the sale and delivery to them by fraud, and therefore as against the plaintiffs had no title.
For the purposes of the questions before us, it is moreover to be taken as proved that on the 30th of April, 1857, William G. Nutting retired from the firm of John S. Birch & Company, under some arrangement of which the following notice was published by that firm: “Copartnership notice—The interest of William G. Nutting in the firm of John S. Birch & Company *306 expires by limitation this day.” That on the 27th day of May, 1857, the remaining partners obtained from the defendant Thorp, as the agent of Tilt, an advance of $1,000 on a promise to consign the silk to the said Tilt for sale upon receiving another advance of $2,800, and on the 28th of May the silk was delivered to Tilt and Thorp, and the said advance of $2,800 was obtained. Four of the bales of silk were sold by the consignees to the defendant Newman, but he had paid nothing thereon at the time the action was commenced, and the case went to the jury under an explicit instruction that his defense depended entirely upon the title acquired by Thorp and Tilt; that he “ must stand or fall with Thorp and Tilt,” and the case must now be considered on the assumption that this direction was correct under all the circumstances proved affecting him.
What then was the issue made by the pleadings, as against the defendants Thorp and Tilt? Laying out of view, for the purposes of the discussion, the admitted fact that Thorp was a mere agent, that the goods were consigned to Tilt and the advances were made by Tilt, and assuming that Thorp and Tilt are in the same liability, if either is liable, the question raised was this: Did Thorp and Tilt receive the goods from Birch & Company knowing that they had been procured by fraudulent representations, and without paying any consideration therefor ? They did receive the goods. There was not the slightest proof that either of them had any knowledge of the circumstances under which the goods were procured by Birch & Company, or that Birch & Company were not owners in good faith, guiltless of any fraud or unfairness. It only remained to inquire whether Thorp and Tilt paid any consideration for the silk. The charge in the complaint was that they did not. This charge was denied; and the proof showed, without any contradiction, that Tilt advanced $3,800 thereon, or more strictly $1,000 oma promise to consign, and $2,800 upon the consignment of the silk to him for sale.
- It seems to us, that the result was inevitable and the defendants, Thorp, Tilt and ¡Newman, were entitled to the verdict which the jury rendered in their favor, upon the very issue tendered by the complaint.
But in the progress of the trial, an account was produced by the- defendant, which, in connection with the statement of one *307 of the witnesses that it was in accordance with the contract between the consignors and Tilt, tended to show that the advances made by Tilt were usurious. That he was to charge, and did charge, one per cent a month for his advances on the silk in question.
Upon this proof the plaintiffs insisted that the consignment was void, and asked the Court to charge that the pledge or consignment upon a usurious advance is not a valid contract.
To the refusal of the Judge, to charge as requested, the plain-, tiffs excepted. We think the Judge was right in holding that no question of usury had been raised in a manner entitling the plaintiffs to any such instruction. They had brought their action and rested their claim upon a totally distinct ground. The questions were, whether the defendants, Thorp and Tilt, were cognizant of the fraud or had paid any consideration for the goods. Because proof incidentally appeared on the trial of those questions tending to show, that though an advance had been made, it was under a usurious agreement that was not a point in issue. The plaintiffs had not alleged it. The defendants did not come to trial to meet it, and unless we are prepared to say that the Court are at liberty to disregard the pleadings altogether, we think that incidental proof could not avail anything in the plaintiffs’ favor.
This we believe to be the just conclusion from the case of Brazill v. Isham, (2 Kern., 9,) where it was held, that although a valid award of arbitrators upon a cause of action is a bar to a suit thereon, the defendant could not insist upon it if not set up as a bar in his answer, even though the plaintiff himself proved that such an award had been made. McKyring v. Bull, (16 N. Y. R., 297,) and Saltus v. Genin, (3 Bosw., 250,) are also cases which support the principle. The latter is very closely analogous. All the facts alleged in the complaint, and upon which the plaintiffs relied to affect the title of Thorp and Tilt, were disproved; and yet they sought to recover upon a ground not alleged, and which was inconsistent with what was alleged. The allegation was, that the defendants, Thorp and Tilt, had paid no consideration. The claim to recover is, that they did advance a consideration, but that the proof shows it was usurious.
*308 It was further insisted hy the plaintiffs that after William Gr. Hutting had retired from "the firm of John S. Birch & Company, the remaining partners had no power to pledge the property to raise money for their own purposes.
To this there are several answers: 1st. It appeared by the evidence that John S. Birch & Company were dealers with Tilt prior to the withdrawal of Wm. Gr. Hutting. It was not shown that Tilt had any notice of that withdrawal. He therefore had a right to act in his dealings as if the firm continued unchanged, and is to be protected in so doing; and it appears that he did so, as his accounts are rendered in the name of the same firm down to at least October 1, 1857, long after this advance was made.
As against Tilt, therefore, or Thorp, his agent, this objection, if the proposition on which it rests were sound, could not prevail. 2d. The proof showed that Wm. Gr. Hutting’s interest in the firm had expired. If so, the remaining partners had the right to dispose of the property of the firm as they saw fit. Upon the face of the advertisement given by the plaintiffs in evidence, that is, the presumption and no evidence was given, tending to show that the interest of Wm. Gr. Hutting had not-wholly ceased.
Again, the plaintiffs asked the Judge to charge “ that if Birch & Company acquired no title as against the plaintiffs, the other defendants acquired no title from Birch & Company, unless they obtained the goods by a valid contract for a fair consideration in the usual course of business, and without notice of any circumstances sufficient to put them on inquiry as to Birch & Company’s title.”
In so far as this request had any reference to a supposed invalidity of the transaction on the ground of usury, it has been considered.
As to all the residue of the proposition we think it was charged, though not in the very words of the request, yet in terms expressive of the whole rule on the subject. Thus, the Judge said:
‘ If Thorp and Tilt are in the position of bona fide purchasers of the silks from Birch & Company, they will be entitled to retain them, notwithstanding the purchase by Birch & Company from the plaintiffs was procured through fraud. They are bona fide *309 purchasers if they paid value for the property by making advances thereon on the faith of Birch & Company’s title, and without notice of their fraud. It is not necessary that they should have had actual notice of the fraud. If they had notice of such facts and circumstances as would lead a man of ordinary care and caution to suspect that Birch & Company had not come honestly by the goods, it is equivalent to actual notice of the fraud; for they were, under such circumstances, bound to have made inquiry.” The Judge then adverted to the circumstance which, as the plaintiffs insisted, was an unusually large advance upon the goods, and added, that, “to constitute the defendants bona fide purchasers, within the rule, so as to protect their title as against the plaintiffs, it is enough that they made actual advances on the credit of Birch & Company’s title to the goods, and without actual notice of anything to impeach or throw doubt on that title, or notice of any facts or circumstances which should have led them, as men of ordinary prudence and caution, to suspect the good faith of Birch’s title, and thus have imposed on them the obligation of further inquiry. If such facts and circumstances did exist in the .present case, and it is proved to your satisfaction that they had notice of them, then Thorp and Tilt are not protected by their having made advances.” He then instructed them that he should not withdraw from their consideration the fact that Birch applied for so large an advance; and “ if that fact, under all the evidence, was enough to have awakened in the mind of a prudent man suspicions of Birch’s title to the goods, then the application for such an advance was a fact which should have put them on inquiry.” ?
We think the Judge, in the fullest manner, satisfied the request which was submitted, and that the plaintiffs have no cause of complaint on that subject.
Judgment should be ordered in accordance with the verdict.